UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANA REYES, an individual,

      Plaintiff,

vs.                            CASE NO.:

M.T. LOTZ, LLC, a Florida limited liability
company, JAMES P. MORRISSETTE, an
individual,

      Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Ana Reyes ("Plaintiff"), by and through undersigned counsel, hereby sues Defendants, M.T. Lotz, LLC ("M.T. Lotz") and James P. Morrissette ("Morrissette") (collectively hereinafter, "Defendants"), and alleges as follows:

### INTRODUCTION

1.     This is an action brought pursuant to the Fair Labor Standard Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. ("FLSA"), to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs. This is also an action brought pursuant to Florida law to recover unpaid wages owed.

### JURISDICTION AND VENUE

2.     This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216.  This Court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. §1367.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as Defendants maintain a principal place of business is in Lee County, Florida and the events or omissions giving rise to the claims alleged herein occurred in Lee County, Florida.

## PARTIES

4.      Plaintiff was and is a resident of DeSoto County, Florida.   At all times pertinent, Plaintiff worked for Defendant in Lee County, Florida.

5.      Defendant, M.T. Lotz, was and is a Florida limited liability company conducting business in Lee County, Florida.

6.      Defendant, Morrissette, was and is an individual who operated Defendant, M.T. Lotz, and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for employees; and (c) control finances and operations. By virtue of having regularly exercised that authority on behalf of Defendant, M.T. Lotz, and over Plaintiff, Defendant, Morrissette, is an employer as defined by 29 U.S.C. § 201 et seq.

7.      Defendants are in the business of distributing and shipping Kratom in Lee County, Florida. Kratom is an herbal extract and supplement that is sold as an energy booster, mood enhancer, pain reliever, and antidote for opioid withdrawal.   From Lee County, Florida, Defendants sell and ship Kratom locally and throughout the country, and primarily to other companies, who then in turn sell Kratom to the general public. Defendants did not sell to the general public and required customers to have a Tax Identification Number, which Defendants recorded and kept a record of.

8.      Defendant, M.T. Lotz, was and is an enterprise engaged in interstate commerce, or in the production of goods for interstate commerce, with an annual gross volume of revenue not less than Five Hundred Thousand Dollars ($500,000.00).

9.      At all times material, Plaintiff was an employee of Defendants pursuant to 29 U.S.C. § 203(e)(1); Defendants were the employer of Plaintiff within the meaning of 29 U.S.C. §§ 203(a) and (d); and Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## GENERAL ALLEGATIONS

10.     Defendants employed Plaintiff as a sales employee from approximately December 19, 2017 through February 26, 2019.

11.     Plaintiff's primary job duties consisted of phone and/or email sales (from inside Defendants' office or from Plaintiffs' home) and performing tasks related to her sales role at the direction of Defendants.

12.     Defendants misclassified Plaintiff as an exempt employee, even though no exemption applied. Plaintiff was in fact not exempt and was in fact eligible for overtime compensation under the FLSA.

13.     Defendants wrongfully misrepresented to Plaintiff that she was an exempt employee, who was not entitled to overtime compensation under the FLSA.

14.     Plaintiff did not have discretion over matters of significance, and also did not supervise other employees, perform management functions, or provide significant input in the hiring or firing of other employees.

15.     Further, Defendants were not a "retail or service establishment" and less than half of Plaintiff's total earnings in a representative period consisted of commissions. Per Plaintiff's w2 issued by Defendants, less than half of Plaintiff's total earnings in 2018 consisted of commissions.  Plaintiff was also not an "outside sales" employee.

16.     As such, for FLSA purposes, Plaintiff was not employed in a bona fide executive, professional, or administrative capacity.  Plaintiff was also not exempt as an employee paid commissions by a retail establishment or as outside sales.  Accordingly, Defendants misclassified Plaintiff as an exempt employee, when Plaintiff was not an exempt employee.

17.     Per agreement between the parties at the outset of Plaintiff's employment with Defendants, Defendants agreed to compensate Plaintiff on a salary basis of $27,000.00 annually, plus commissions, for her first month and $30,000.00 annually, plus commissions, thereafter.  Defendants failed to properly compensate Plaintiff in accord with their agreement at hire.

18.     As for commissions, as a term of hire, Plaintiff received five percent (5%) of the first order, two percent (2%) of the next order, and one percent (1%) of all large orders for Plaintiff's earned commissions. (At some point during the parties' relationship, Defendants claim to have unilaterally changed Plaintiff's commission structure (one or more times) to significantly reduce Plaintiff's commissions and annual compensation. Plaintiff denies receiving proper and/or sufficient and/or any notice of the alleged change(s).)

19.     Defendants have incorrectly calculated Plaintiff's commissions and Defendants have withheld commissions from sales due (including without limitation during the employment and post termination) from Plaintiff.

20.     Plaintiff's rights to the commissions from her work are fully vested, as Plaintiff had completed all aspects of the work and/or Defendants had received payment for the work.

21.     Defendants have failed and/or refused to compensate Plaintiff in full for the work Plaintiff performed for Defendants.

22.     Before filing suit, Plaintiff attempted to resolve her FLSA claim with Defendants without success.

23.     Before filing suit, Plaintiff attempted to resolve her commissions claim with Defendants without success.

24.     Plaintiff worked over forty (40) hours in one or more workweeks while employed by Defendants, wherein Defendants failed to provide Plaintiff overtime compensation.

25.     Indeed, Plaintiff regularly and customarily during her employment with Defendants worked in excess of forty (40) hours per week for Defendants.

26.     During her employment with Defendants, Plaintiff was not properly compensated at one and one-half (1 and 1/2) her regular rate for overtime hours worked.

27.     Despite working more than forty (40) hours in a workweek, Plaintiff did not receive overtime compensation at a rate not less than one and one-half (1 and 1/2) times her regular rate for such overtime hours.

28.    Defendants knew, or should have known, about the overtime provision of the FLSA before hiring Plaintiff.

29.    Defendants knew, or should have known, that it was a violation of the FLSA not to compensate Plaintiff at rate of not less than one and one-half her regular rate for all hours worked in a work week over forty (40) hours.

30.    Defendants knowingly, intentionally, and willfully violated the FLSA.

31.    Plaintiff was forced to retain counsel to pursue these claims, and is obligated to pay counsel a reasonable attorneys' fee and costs.

32.    Defendants failed to keep proper time records for Plaintiff.

33.    The records, to the extent any exist, concerning the number of hours worked and amounts to be paid to Plaintiff are in the possession, custody, and control of Defendants.

34.    The statute of limitations for this action has been tolled effective November 5, 2019 through the date this action has been filed (July 24, 2020).

## COUNT I
### (Overtime Compensation Due Under the FLSA)

35.    Plaintiff re-alleges paragraphs 1 through 18, 22, and 24 - 34, as if set forth fully herein.

36.    Plaintiff worked more than forty (40) hours in a week one or more weeks during her employment with Defendants.

37.    Defendants failed to compensate Plaintiff overtime compensation at a rate not less than one and one-half (1 and 1/2) times her regular rate for hours worked over forty (40) in a workweek. Specifically, Defendants misclassified Plaintiff and compensated Plaintiff on a salary plus commission basis only for a total of forty (40) hours per week.

38.     Defendants' failure to provide Plaintiff overtime compensation at a rate not less than one and one-half (1 and 1/2) times her regular rate for hours worked over forty (40) in a workweek constitutes a violation of the FLSA, 29 U.S.C. § 207.

39.     Defendants' violations of the FLSA were knowing and willful.

WHEREFORE, Plaintiff respectfully requests that this Court:

    a.      accept jurisdiction over this action;

    b.      award damages for the amount of unpaid overtime compensation owed to Plaintiff;

    c.      award liquidated damages, pursuant to 29 U.S.C. § 215(b), in an amount equal to the overtime compensation owed to Plaintiff;

    d.      award post-judgment interest and reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

    e.      entry of final judgment against Defendants;

    f.      declare that Plaintiff was a non-exempt employee of Defendants;

    g.      declare that Defendants failed to keep proper time records for Plaintiff; and

    h.      award all other relief as the Court deems just and proper.

## <u>COUNT II</u>
### <u>(Unpaid Wages)</u>

40.     Plaintiff re-alleges and incorporates paragraphs 1 – 5, 7, 10-11, 17-21, 23, 31, and 34.

41.     Pursuant to the parties' employment relationship, wages are due and owing from M.T. Lotz to Plaintiff.

42.     M.T. Lotz refuses to pay the wages due.

43.     As a result, Plaintiff suffered damages.

44.     All conditions precedent to this action have been satisfied or are waived.

WHEREFORE, Plaintiff requests that the Court enter judgment against Defendant M.T. Lotz for wages, pre-judgment interest, attorneys' fees, court costs, and such further relief as the Court deems just and proper.

## COUNT III
### (Unjust Enrichment)

45.     Plaintiff re-alleges and incorporates paragraphs 1 – 5, 7, 10-13, 18-21, 23, 31, and 34.

46.     This is an action to recover wages due, to wit, the recovery of compensation arising out of the employment relationship between Plaintiff and Defendants, and for work performed by Plaintiff for Defendant M.T. Lotz.  This action is pled in the alternative to Count II.

47.     Defendant M.T. Lotz promised to pay Plaintiff for the foregoing work through wages and/or commissions.

48.     Through the parties' employment relationship and Plaintiff's labor and services ("Plaintiff's Work") for Defendant M.T. Lotz, Plaintiff conferred a valuable benefit upon Defendant M.T. Lotz insofar as Plaintiff sold products for Defendant M.T. Lotz and performed other related work for Defendant M.T. Lotz.

49.     Defendant M.T. Lotz had full knowledge of Plaintiff's Work, and appreciated, accepted, and retained the benefits of Plaintiff's Work.

50.     Plaintiff has not received payment for the fair value of Plaintiff's Work.

51.     Plaintiff has suffered harm by Defendant M.T. Lotz's refusal to pay Plaintiff the fair value of Plaintiff's Work.

52.     The circumstances are such that it would be inequitable for Defendant M.T. Lotz to retain the benefits of Plaintiff's Work without paying Plaintiff for the value of Plaintiff's Work.

WHEREFORE, Plaintiff requests that the Court enter judgment against Defendant M.T. Lotz for damages, pre-judgment interest, attorneys' fees, court costs, and such further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff does hereby demand a Jury Trial on all issues and claims so triable.

s/ Bradley P. Rothman
Bradley P. Rothman, Esq.
Florida Bar No. 0677345
brothman@weldonrothman.com
WELDON & ROTHMAN, PL
2548 Northbrooke Plaza Drive
Naples, Florida 34119
Tel: (239) 262-2141
Fax: (239) 262-2342
*Counsel for Plaintiff*